**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) CR-06-750-PHX-DGC |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Rick Nicholson, | ) |
| Defendant. | ) |

Defendant Rick Nicholson has been charged with three counts of advertising and distributing child pornography in violation of 18 U.S.C. §§ 2252A(a)(3) and 2256, and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256. On August 7, 2006, Magistrate Judge Virginia Mathis denied Defendant's request for pretrial release under the Bail Reform Act of 1984, 18 U.S.C. § 3142 ("Act"). Defendant has asked this Court to review Judge Mathis' decision and release him pending trial. Dkt. #10.

The Court has reviewed Defendant's motion, the Government's response, and their attachments. Dkt. ##10, 12. The Court has listened to a recording of the evidentiary hearing before Judge Mathis. On September 18, 2006, the Court held a hearing and heard oral argument by counsel.

**A.   Legal Standards.**

This Court's review of Judge Mathis' detention decision is *de novo*. *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court must "review the evidence before the magistrate" and any additional evidence submitted by the parties "and make its

own independent determination whether the magistrate's findings are correct, with no deference." *Id*. at 1193. Under the Act, Defendant must be detained if the Court, following a hearing, finds that no condition or combination of conditions will reasonably assure his appearance at trial and the safety of the community. 18 U.S.C. § 3142(e).

The Government contends that Defendant Nicholson should be detained under the Act as both a danger to the community and a flight risk. The Government must prove that Defendant is a danger to the community by clear and convincing evidence. 18 U.S.C. § 3142(f). It must prove he is a flight risk by a preponderance of the evidence. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

In this case, Congress has established a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community. This presumption is found in § 3142(e) and arises from Defendant having been charged with distribution of child pornography in violation of § 2252A(a)(3). The statutory presumption imposes a burden of production on Defendant, but the burden of persuasion remains with the Government. *See United States v. Mercedes*, 254 F.3d 433, 435-36 (2d Cir. 2001). Even if Defendant produces rebuttal evidence, however, the presumption remains a factor to be weighed in conducting the detention analysis. *Id.; see also United States v. Ward*, 63 F.Supp.2d 1203, 1209 (C.D. Cal. 1999).[1]

**B.    Should Defendant Be Detained as a Danger to the Community?**

The Act identifies four factors to be considered in deciding whether a defendant should be detained: the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the

---

[1] Some courts hold that a detention order may be entered only in the six categories of cases identified in § 3142(f)(1)-(2). *See, e.g., United States v. Byrd*, 996 F.2d 106, 110 (5th Cir. 1992). The parties do not address this requirement, but the Court concludes that it is satisfied in any event. One of the categories identified in § 3142(f) is a "crime of violence." *See* § 3142(f)(1)(A). A "crime of violence," in turn, includes any felony under chapter 110 of the United States criminal code, *see* 18 U.S.C. § 3151(a)(4)(C), and chapter 110 includes distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(3).

nature and seriousness of the danger to the community. 18 U.S.C. § 3142(g). The Court will address each of these factors separately.

### 1.     The Nature and Circumstance of the Offense Charged.

Distribution of child pornography is considered a crime of violence. *See* 18 U.S.C. §§ 3156(a)(4)(C), 2252A(a)(3). Facts proffered by the Government demonstrate the seriousness of the offense charged in this case.

Defendant's computer was found to contain more than 2,700 still images and 45 videos of child pornography. Agents also seized 230 CDs and 839 floppy disks from Defendant's home, a sampling of which revealed further child pornography. Videos in Defendant's possession included images of bondage and abuse of children, including a 25-minute video in which a female between the ages of 8 and 11 was bound by the neck, hands, and ankles, and sexually abused. Evidence presented by the Government demonstrated not only that Defendant collected child pornography, but that he actively distributed it over the Internet, maintaining records of his distribution.

Possessing such images and making them available for distribution to others is justifiably recognized as a crime of violence. As will be discussed further below, the spread of child pornography and the related exploitation of children has caused Congress to impose ever-harsher penalties and criminal procedures.

### 2.     Weight of the Evidence Against Defendant.

Defense counsel has not challenged the presence of these images on Defendant's computer and in his home, nor that he distributed child pornography to others. Defendant's possession and distribution of this material were discovered by an FBI agent investigating a child pornography website. A search warrant resulted in the seizure from Defendant's home of the computer, CDs, and floppy disks containing the pornography. Law enforcement monitoring of the Internet also captured Defendant's distribution efforts. Thus, the weight of the evidence against Defendant is substantial. Although the Ninth Circuit has stated that this factor is the least important of the factors identified in § 3142(g), *see United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986), it is a factor to be considered.

### 3. The History and Characteristics of Defendant.

Section 3142(g)(3) identifies a number of factors to be considered in evaluating Defendant's history and characteristics. Defense counsel proffered that Defendant is 50 years old, has been in the West Phoenix community for 5 years, has maintained contact with his mother, and did not flee during the several days between the seizure of his property and his arrest.

Evidence presented by the Government shows that Defendant purposefully acquired, saved, and distributed images of patent child abuse. Additional evidence suggests that Defendant has a drinking problem that may contribute to his involvement in child pornography. Federal law will require Defendant, if found guilty, to register as a sex offender and thereby provide notice to the community of his involvement in abusive pornography. Pretrial release would afford no similar notice.

### 4. The Nature and Seriousness of the Danger to the Community.

As noted above, the Act establishes a rebuttable presumption that Defendant is dangerous to the community. *See* 18 U.S.C. § 3142(e). Moreover, Congress has found that child pornography plays a central role in the exploitation and abuse of children. There can be no doubt that those who consume and distribute this material encourage its production, as there can be no doubt that the production of such materials involves the abuse of children. Congress has also found that child pornography stimulates the sexual appetites and encourages the activities of child molesters and pedophiles. *See* S. Rep. No. 104-358, at 12 (1996). Thus, even though the Government does not allege that Defendant has personally engaged in the abuse of children, his involvement in child pornography clearly contributes to the continuation and spread of this crime with its damaging consequences for children.

Defense counsel suggested that the Court release Defendant to a half-way house where he will not have access to a computer and can receive counseling for his pornography and alcohol addictions. Such an environment would not be custodial, however, and would grant Defendant access to the community. When first interviewed, Defendant told law enforcement personnel that he viewed child pornography "so that he does not act on real

children." Dkt. #12, Ex. 1 at 1-2. This statement and Defendant's possession and distribution of lurid child pornography causes the Court great concern that Defendant would pose a threat to children if placed in an environment where he has access to the community, the community receives no warning, and Defendant lacks his self-described control mechanism.

### 5. Analysis of the Relevant Factors.

Defendant has not rebutted the statutory presumption of detention. The fact that he has resided in the community for five years, has maintained contact with his mother, and has not been accused of physical abuse of a child does not overcome the Congressionally mandated presumption that he is a danger to the community.

Moreover, even if the presumption had been rebutted, the Court would conclude that Defendant must be detained. Factors 1, 2 and 4 favor detention, and factor 3 is at best evenly balanced. The Court finds that the Government has established by clear and convincing evidence that Defendant is a danger to the community. The Court bases this conclusion on the large number of images Defendant retained and made available for distribution, the patently abusive nature of some of those images, Congressional findings that the distribution of child pornography promotes the abuse of children and constitutes a crime of violence, Defendant's past involvement with alcohol, the statutory presumption of detention (considered as a separate factor, not as a presumption), Defendant's own statement about his possible abuse of children, and the fact that a pretrial release would provide the community with none of the protections deemed necessary by Congress with respect to individuals involved in child pornography.

### C. Should Defendant Be Detained as a Flight Risk?

The Court concludes that Defendant's minimal ties to the community have not rebutted the presumption that he is a flight risk. Moreover, even if the presumption had been rebutted, the Court would conclude that the Government has established by a preponderance of the evidence that Defendant is a flight risk. This conclusion is based on the substantial sentence Defendant now faces if found guilty (approaching 20 years) and the statutory presumption of a flight risk (considered as a separate factor, not as a presumption). The

Court also notes that Defendant is single, does not own a home, and has moved at least once in the last few years.

### D. Conclusion.

The Court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant at trial or the safety of the community. *See* 18 U.S.C. § 3142(e).

**IT IS ORDERED:**

1. Magistrate Judge Mathis' Order of Detention is **affirmed**.
2. Defendant's Motion to Revoke Detention Order (Dkt. #10) is **denied**.

DATED this 19th day of September, 2006.

*/s/ Daniel G. Campbell*
_____
David G. Campbell
United States District Judge